# Exhibit A

Electronically FILED by Superior Court of California, County of Riverside on 01/09/2025 05:06 PM
Case Number CVRI2500077 0000116307667 - Jason B. Galkin, Executive Officer/Clerk of the Court By Courtney Flores, Clerk

INLAND COUNTIES LEGAL SERVICES, INC.
Jocelyn Havens, SBN 345098
JHavens@ICLS.org
Barak J. Berlin, SBN 216115
BBerlin@ICLS.org
Tessie Solorzano, SBN 284375
Marsha Johnson, SBN 309791
Veronica Garcia, SBN 296891
Darrell K. Moore, SBN 136845
1040 Iowa Ave, Ste 109
Riverside, CA 92507
Telephone: (951) 248-4724
Facsimile: (909) 980-4871

Attorneys for Plaintiff Danielle Bright

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

## RIVERSIDE HISTORIC COURTHOUSE

## UNLIMITED CIVIL

| | |
|---|---|
| DANIELLE BRIGHT, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>ENCANTO APARTMENT HOMES, LLC, a California Corporation; GREYSTAR REAL ESTATE PARTNERS, LLC, a South Carolina Corporation; COLUMBIA DEBT RECOVERY LLC DBA GENESIS, a Washington Corporation, and DOES 1-20, inclusive.<br><br>    Defendants. | Case No.: CVRI2500077<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **WRONGFUL SELF-HELP EVICTION (CALIFORNIA CIVIL CODE §789.3)**<br>2. **WRONGFUL EVICTION/FORCIBLE ENTRY (CALIFORNIA CODE OF CIVIL PROCEDURE §1159)**<br>3. **BREACH OF THE COVENANT OF QUIET ENJOYMENT (CALIFORNIA CIVIL CODE §1940.2)**<br>4. **NEGLIGENCE/NEGLIGENCE PER SE**<br>5. **INTENTIONAL VIOLATION OF STATUTORY DUTIES**<br>6. **TRESPASS**<br>7. **PRIVATE NUISANCE**<br>8. **CONVERSION**<br>9. **TRESPASS TO CHATTELS**<br>10. **BREACH OF CONTRACT**<br>11. **UNFAIR BUSINESS PRACTICES IN VIOLATION OF BUSINESS & PROFESSIONS CODE §17200** *et seq.*<br>12. **BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALINGS** |

1

COMPLAINT

13. **INJUNCTIVE RELIEF**
14. **VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT ("RFDCPA"), CIV. CODE § 1788 ET SEQ.,**
15. **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA"), 15 U.S.C. § 1692 ET SEQ.**

**JURY TRIAL DEMANDED**

TO THIS HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

Plaintiff hereby alleges as follows:

## PARTIES

1.     PLAINTIFF DANIELLE BRIGHT (PLAINTIFF) is a natural person who at all relevant times was a resident of Riverside County, California.

2.     DEFENDANT ENCANTO APARTMENT HOMES, LLC (ENCANTO) is a California Corporation who owns and manages apartment buildings throughout California.  At all times herein, ENCANTO was PLAINTIFF'S landlord under a written lease agreement for the property located at 4645 Temescal Canyon Rd. Apartment #304; Corona, CA 92883.

3.     DEFENDANT GREYSTAR REAL ESTATE PARTNERS, LLC (GREYSTAR) is a South Carolina Corporation with a principal place of business located at 465 Meeting Street, Suite 500, Charleston, South Carolina 29403. On information and belief, it was and is engaging in and transacting business in California at all times relevant in this Complaint.

4.     DEFENDANT COLUMBIA DEBT RECOVERY LLC DBA GENESIS (GENESIS) is a Washington corporation with a principal place of business located at 906 SE Everett Mall Way, Suite 301, Everett, WA 98208.  GENESIS is a debt collection company and loan servicing provider.  On information and belief, it was and is engaging in and transacting business in California at all times relevant in this Complaint.  Its business entity number in Washington is 201731110051. Its California Debt Collection License number is 10771-99.

2

COMPLAINT

5.    This action arises out of Defendant's violations of the State of California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 et. seq. ("Rosenthal Act") which vests the state courts with subject matter jurisdiction.

6.    Defendants do business in the State of California.

7.    This Court has jurisdiction over the defendants because a substantial portion of the wrongdoing alleged in this Complaint took place in California, the defendants are authorized to do business here, the defendants have sufficient minimum contacts with California and/or otherwise intentionally avail themselves of the markets in California to render the exercise of jurisdiction by California courts permissible under traditional notions of fair play and substantial justice.

8.    All violations of the Rosenthal Act occurred while Plaintiff resided in Riverside County. Therefore venue properly lies in this Court.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9.    On February 27, 2023, PLAINTIFF, a young single mother came home to her apartment located at 4645 Temescal Canyon Rd. Apartment #304; Corona, CA 92883, to discover she had been locked out. PLAINTIFF notified office staff for DEFENDANT ENCANTO LLC and DEFENDANT GREYSTAR REAL ESTATE PARTNERS, but staff refused to allow her to regain access to her home.

10.   PLAINTIFF had not been properly evicted through court process as required by California Law. PLAINTIFF continued to try to regain access but was unsuccessful until March 7, 2023, at which time PLAINTIFF learned that all of her belongings were disposed of or otherwise removed. PLAINTIFF has never regained any of her lost property.

11.   The lockout was a breach of the lease agreement, thereby ending any responsibility on the part of PLAINTIFF to continue making payments.

12.   At this point, assuming arguendo that PLAINTIFF did not make any payments from July 1st, 2022 until February 1, 2023, the most that could be owed for back rent would be $16,760.00. GREYSTAR sent a "Summary of Move Out Charges".

3

COMPLAINT

13.     These charges included amounts that were not authorized by the agreement nor by law totaling $2,118.11.

14.     The total amount claimed to be owed was $26,712.84. Again, assuming arguendo that all of these charges were legitimate, the total amount owed would be $18,878.11.

15.     On January 9, 2024, GENESIS sent an email to PLAINTIFF demanding payment of $26,999.73.

16.     This was based on an alleged original principal of the aforementioned $26,712.84 and interest of $286.89.

17.     This amount far exceeds any amount that might have been legally be owed by PLAINTIFF.

18.     At all relevant times, PLAINTIFF DANIELLE BRIGHT (PLAINTIFF) was a single mother of young child who resided at 4645 Temescal Canyon Rd. Apartment #304; Corona, CA 92883 under a written lease agreement with ENCANTO the landlord and owner of the property.

19.     At all relevant times, GREYSTAR acted as property manager.

20.     ENCANTO engaged GREYSTAR to collect on past due rent and fees that PLAINTIFF allegedly owed ENCANTO. GREYSTAR illegally inflated the fees PLAINTIFF owed to ENCANTO and has been continually harassing tenant for inflated past due rental and other balances GREYSTAR has negatively affected PLAINTIFF'S credit score by reporting these inflated amounts which include illegal charges, exaggerated rental balances, invalid key charges, and other hidden fees.

**FIRST CAUSE OF ACTION**
**WRONGFUL SELF-HELP EVICTION (CALIFORNIA CIVIL CODE §789.3)**
**(BY PLAINTIFF AGAINST DEFENDANT ENCANTO APARTMENT HOMES, LLC, GREYSTAR REAL ESTATE PARTNERS, LLC, AND DOES 1-10)**

21.     PLAINTIFF repeats, re-alleges, and incorporates by reference all of the allegations in the paragraphs above as if fully set forth herein.

22.     California Civil Code §789.3 expressly prohibits a landlord from interfering with a tenant's possession of the property without a Court Judgment.

4

COMPLAINT

23.     At all times herein, PLAINTIFF was a tenant of ENCANTO.  At all times herein, a written Lease Agreement existed between the parties for the rental of the unit located at 4645 Temescal Canyon Rd. Apartment #304; Corona, CA 92883.

24.     On February 27, 2022, PLAINTIFF, a young single mother came home to her apartment located at 4645 Temescal Canyon Rd. Apartment #304; Corona, CA 92883, to discover she had been locked out. PLAINTIFF notified office staff for ENCANTO and GREYSTAR but staff refused to allow her to regain access to her home.

25.     As a direct and proximate cause of DEFENDANT'S wrongful and illegal conduct, PLAINTIFF suffered out of pocket damages to be proven at trial.  PLAINTIFF has and will continue to suffer economic harm and other consequential damages in an amount to be proven at trial.

26.     As a direct and proximate result of ENCANTO's AND GREYSTAR's conduct, PLAINTIFF was forced to retain an attorney in order to protect her rights. Accordingly, PLAINTIFF seeks the reasonable attorney's fees and costs incurred in this litigation in an amount according to proof at trial.

27.     ENCANTO's AND GREYSTAR's conduct was fraudulent, oppressive, and malicious. By virtue of California Civil Code §789.3(c)(2), PLAINTIFF is entitled to recover punitive and exemplary damages from ENCANTO AND GREYSTAR in an amount of $100 per day that she was illegally locked out of the unit.

**SECOND CAUSE OF ACTION**
**WRONGFUL EVICTION / FORCIBLE ENTRY**
**(CALIFORNIA CODE OF CIVIL PROCEDURE §1159)**
**(BY PLAINTIFF AGAINST DEFENDANTS ENCANTO APARTMENT HOMES, LLC,**
**GREYSTAR REAL ESTATE PARTNERS, LLC, AND DOES 1-10)**

28.     PLAINTIFF repeats, re-alleges, and incorporates by reference all of the allegations in the paragraphs above as if fully set forth herein.

29.     California Code of Civil Procedure §1159 prohibits a landlord from breaking open doors, windows, or other parts of a house to turn out a party in possession.

5

COMPLAINT

30. PLAINTIFF was "party in possession" under a written lease agreement with ENCANTO. As a tenant, PLAINTIFF was an occupant of real property who enjoyed exclusive, peaceable, and undisturbed possession of the property.

31. California Code of Civil Procedure Section 1951.3 requires notice of at least 14 days prior to locking out a tenant.

32. On February 27, 2023, PLAINTIFF came home and found that ENCANTO and GREYSTAR changed the locks and therefore forcibly removed her from the PREMISES. PLAINTIFF was in and out of the property prior to this date and had never been out of the property for more than 12 days.

33. PLAINTIFF continually communicated with ENCANTO and GREYSTAR to regain possession of her home but ENCANTO and GREYSTAR either refused or ignored all of her communications.

34. As a direct and proximate cause of ENCANTO's and GREYSTAR's wrongful and illegal conduct, PLAINTIFF has and will continue to suffer economic harm and other consequential damages in an amount to be proven at trial.

35. As a direct and proximate result of ENCANTO's AND GREYSTAR's conduct, PLAINTIFF was forced to retain an attorney in order to protect her rights. Accordingly, PLAINTIFF seeks the reasonable attorney's fees and costs incurred in this litigation in an amount according to proof at trial.

36. As a direct and proximate cause of ENCANTO's and GREYSTAR's wrongful and illegal acts, PLAINTIFF was injured in her emotional health and suffered fear, discomfort, and mental distress in an amount to be proven at trial.

37. ENCANTO and GREYSTAR acts and omissions were knowing, intentional, willful, and malicious, done with full knowledge of the discomfort, fear, distress, and annoyance such retaliatory acts would cause PLAINITFF. ENCANTO and GREYSTAR acts were conducted in conscious disregard of PLAINTIFF'S rights. PLAINTIFF is thus entitled to punitive and / or exemplary damages in a sum which will be adequate to punish and make an example of ENCANTO and GREYSTAR.

6

### THIRD CAUSE OF ACTION
### BREACH OF THE COVENANT OF QUIET ENJOYMENT
### (CALIFORNIA CIVIL CODE §1940.2)
### (BY PLAINTIFF AGAINST DEFENDANT ENCANTO APARTMENT HOMES, LLC, GREYSTAR REAL ESTATE PARTNERS, LLC, AND DOES 1-10)

38.     PLAINTIFF repeats, re-alleges, and incorporates by reference all of the allegations in the paragraphs above as if fully set forth herein.

39.     On or around February 27, 2022, ENCANTO and GREYSTAR locked PLAINTIFF out of PREMESIS denying her full use and enjoyment of said PREMISES.

40.     As a direct and proximate result of ENCANTO and GREYSTAR wrongful and illegal acts and omissions, PLAINTIFF was injured by ENCANTO and GREYSTAR deprivations of a safe, secure, healthy, and comfortable dwelling.

41.     As a direct and proximate result of ENCANTO and GREYSTAR unlawful conduct, and the reasonably foreseeable consequences of the harm that PLAINTIFF has suffered, and will continue to suffer, as a result of ENCANTO and GREYSTAR wrongful and illegal acts and omissions, PLAINTIFF has incurred special damages in an amount according to proof at trial.

42.     As a direct and proximate cause of ENCANTO and GREYSTAR wrongful, intentional, malicious, and illegal acts, PLAINTIFF was injured in her emotional health and suffered fear, discomfort, and mental distress in an amount to be proven at trial.

43.     As a direct and proximate cause of ENCANTO and GREYSTAR acts and omissions referred to herein, PLAINTIFF was forced to retain an attorney in order to protect her rights. Accordingly, PLAINTIFF seeks the reasonable attorney's fees and costs incurred in this litigation in an amount according to proof at trial.

44.     ENCANTO and GREYSTAR acts and omissions were knowing, intentional, willful, and malicious, done with full knowledge of the discomfort, fear, distress, and annoyance such retaliatory acts would cause PLAINITFF.  ENCANTO and GREYSTAR acts were conducted in conscious disregard of PLAINTIFF'S rights.  PLAINTIFF is thus entitled to punitive and/or exemplary damages in a sum which will be adequate to punish and make an example of ENCANTO and GREYSTAR.

COMPLAINT

**FOURTH CAUSE OF ACTION**
**NEGLIGENCE/NEGLIGENCE PER SE**
**(BY PLAINTIFF AGAINST DEFENDANT ENCANTO APARTMENT HOMES, LLC,**
**GREYSTAR REAL ESTATE PARTNERS, LLC, AND DOES 1-10)**

45.    PLAINTIFF repeats, re-alleges, and incorporates by reference all of the allegations in the paragraphs above as if fully set forth herein.

46.    California Civil Code §789.3 expressly prohibits a landlord from interfering with a tenant's possession of the property without a Court Judgment.

47.    California Code of Civil Procedure §1159 prohibits a landlord from breaking open doors, windows, or other parts of a house to turn out a party in possession.

48.    California Civil Code §§ 1927 and 1940.2 prohibit a landlord from interfering with the quiet enjoyment of a tenant in possession.

49.    California Business and Professions Code §17200 *et seq.* is a consumer protection law that prohibits a company from engaging in unfair, unlawful, or fraudulent business practices.

50.    ENCANTO and GREYSTAR, and each of them, were at all times mentioned herein under a statutory duty to comply with all laws.

51.    ENCANTO and GREYSTAR breached California Civil Code §789.3 by illegally locking out PLAINTIFF without proper court order or sheriff execution.

52.    ENCANTO and GREYSTAR breached California Civil Code §1159 by breaking open doors and changing locks, therefore depriving PLAINTIFF access to PREMISES.

53.    ENCANTO and GREYSTAR breached California Civil Code §1940.2 by forcibly interfering with PLAINTIFF's use and enjoyment of PREMISES by changing locks and refusing to allow PLAINTIFF to regain possession of the PREMISES.

54.    ENCANTO and GREYSTAR breached California Business and Professions Code §17200 *et seq.* by conducting business in an unlawful, unfair and fraudulent business manner by illegally locking out PLAINTIFF without proper court order and procedure.

55.    As a direct and proximate result of ENCANTO's AND GREYSTAR's conduct, PLAINTIFF was dispossessed of her home, in middle of pandemic had to sleep in car and on couches when able, was forced be separated from her child.

8

COMPLAINT

56.     As a direct and proximate result of ENCANTO's AND GREYSTAR's conduct PLAINTIFF's child's daily schedule was completely disrupted and she was forced to be away from her mother for the first time in her young life. While PLAINTIFF was forced to travel from whatever place she was able to stay to her where her young child was staying multiple times a day to still feed, bathe, and clothe her child in an effort to maintain some sort of normalcy for her young child.

57.     As a direct and proximate cause of ENCANTO's AND GREYSTAR's acts and omissions and violations of statutory duties referred to herein, PLAINTIFF was deprived of the beneficial use of her home for a period of time to be proven at trial and suffered economic loss in an amount to be proven at trial including but not limited to, rent payments that ENCANTO AND GREYSTAR were legally prohibited from collecting.

58.     As a direct and proximate cause of ENCANTO's AND GREYSTAR's acts and omissions referred to herein, PLAINTIFF has suffered, and will continue to suffer, economic loss in an amount to be proven at trial.

59.     As a direct and proximate cause of ENCANTO's AND GREYSTAR's acts and omissions referred to herein, PLAINTIFF is entitled to attorney's fees and costs.

60.     As a result of ENCANTO's AND GREYSTAR's negligent acts and omissions, PLAINTIFF is entitled to statutorily-authorized punitive and/or exemplary damages in a sum which will be sufficient to punish and make an example of them for flagrantly violating public policy that was in place to protect tenants like PLAINTIFF.

61.     The acts and omissions of ENCANTO AND GREYSTAR were done intentionally and in callous disregard for the comfort, safety, health, and well-being of PLAINTIFF, and were done for the purpose of unfairly profiting off PLAINTIFF and defeating her rights, and for the purpose of oppressing and inflicting emotional distress upon PLAINTIFF.    ENCANTO's and GREYSTAR's failure to correct the defective conditions described herein was negligent and directly and proximately resulted in PLAINTIFF'S discomfort, annoyance, and mental distress, in a willful and concerted effort to cause PLAINTIFF to vacate in retaliation for conflicts with ENCANTO's AND GREYSTAR's agent.  PLAINTIFF is therefore entitled to punitive and/or

9

1  exemplary damages in a sum which will be sufficient to punish and make an example of

2  ENCANTO AND GREYSTAR.

3  **FIFTH CAUSE OF ACTION**
   **INTENTIONAL VIOLATIONS OF STATUTORY DUTIES**

4  **(BY PLAINTIFF AGAINST ENCANTO APARTMENT HOMES, LLC, GREYSTAR**
   **REAL ESTATE PARTNERS, LLC)**

5

6  62.    PLAINTIFF repeats, re-alleges, and incorporates by reference all of the allegations in the

7  paragraphs above as if fully set forth herein.

8  63.    California Civil Code §789.3 expressly prohibits a landlord from interfering with a tenant's

9  possession of the property without a Court Judgment.

10  64.    California Code of Civil Procedure §1159 prohibits a landlord from breaking open doors,

11  windows, or other parts of a house to turn out a party in possession.

12  65.    California Civil Code §§1927 and 1940.2 prohibit a landlord from interfering with the

13  quiet enjoyment of a tenant in possession.

14  66.    California Business and Professions Code §17200 *et seq.* is a consumer protection law that

15  prohibits a company from engaging in unfair, unlawful, or fraudulent business practices.

16  67.    At all times alleged herein, PLAINTIFF was entitled to the protections of California Civil

17  Code §789.3, California Code of Civil Procedure §1159, and California Civil Code §§ 1927 and

18  1940.2. At all times alleged herein, PLAINTIFF occupied the premises as her residence under

19  a lease agreement entered into with ENCANTO.

20  68.    At all times alleged herein, PLAINTIFF was entitled to the consumer protections of

21  California Business & Professions Code §17200 *et seq.* and had a right not to be overcharged

22  for past due rent, keys that were returned, and other inflated charges. At all times alleged herein,

23  PLAINTIFF occupied the premises as her residence under a lease agreement entered into with

24  ENCANTO.

25  69.    As a direct and proximate result of ENCANTO's and GREYSTAR's wrongful and illegal

26  acts and omissions, PLAINTIFF was injured by the deprivations by ENCANTO and

27  GREYSTAR of a safe, secure, healthy, and comfortable dwelling. As a direct and proximate

28  result of ENCANTO and GREYSTAR unlawful conduct, and the reasonably foreseeable

10

COMPLAINT

consequences of the harm that PLAINTIFF has suffered, and will continue to suffer, as a result of the illegal self-help eviction and forcible entry, PLAINTIFF has incurred special damages in an amount according to proof at trial.

70.    As a direct and proximate result of the ENCANTO's and GREYSTAR's conduct, PLAINTIFF was dispossessed of her home, in middle of pandemic had to sleep in car and on couches when able, was forced be separated from her child.

71.    As a direct and proximate result of the ENCANTO's and GREYSTAR's conduct PLAINTIFF's child's daily schedule was completely disrupted, and she was forced to be away from her mother for the first time in her young life. While PLAINTIFF was forced to travel from whatever place she was able to stay with her where her young child stayed multiple times a day to still feed, bathe, and clothe her child in an effort to maintain some sort of normalcy for her young child.

72.    As a direct and proximate result of ENCANTO's and GREYSTAR's wrongful and illegal acts and omissions, PLAINTIFF was injured by the deprivations by ENCANTO and GREYSTAR by prematurely depriving PLAINTIFF of her home and security for her and her young child.

73.    As a direct and proximate cause of ENCANTO's and GREYSTAR's wrongful and illegal acts, PLAINTIFF was injured in her emotional health and suffered fear, discomfort, and mental distress in an amount to be proven at trial.

74.    As a direct and proximate cause of ENCANTO's and GREYSTAR's acts and omissions referred to herein, PLAINTIFF is entitled to attorney's fees and costs.

75.    ENCANTO's and GREYSTAR's retaliatory acts and omissions were knowing, intentional, willful, and malicious, done with full knowledge of the discomfort, fear, distress, and annoyance such retaliatory acts would cause PLAINTIFF.    ENCANTO's and GREYSTAR's retaliatory acts were conducted in conscious disregard of PLAINTIFF's rights. PLAINTIFF is thus entitled to punitive and/or exemplary damages in a sum which will be adequate to punish and make an example of ENCANTO and GREYSTAR.

COMPLAINT

### SIXTH CAUSE OF ACTION
### TRESPASS
### (BY PLAINTIFF AGAINST DEFENDANT ENCANTO APARTMENT HOMES, LLC, GREYSTAR REAL ESTATE PARTNERS, LLC, AND DOES 1-10)

76.     PLAINTIFF repeats, re-alleges, and incorporates by reference all of the allegations in the paragraphs above as if fully set forth herein.

77.     Since April 20, 2020, PLAINTIFF solely occupied and controlled her residential unit located at 4645 Temescal Canyon Rd.  Apartment #304; Corona, CA 92883 at all relevant times herein.

78.     Sometime between February 15, 2023, to February 27, 2023 DEFENDANTS ENCANTO and GREYSTAR and DOES 1-10 intentionally trespassed on PLAINTIFF'S property when they forcibly entered the property without PLAINTIFF'S knowledge or consent.

79.     ENCANTO and GREYSTAR intentionally entered PLAINTIFF'S residential unit without PLAINTIFF'S consent or any valid privilege.

80.     PLAINTIFF was continually asking for more time. PLAINTIFF responded to the unlawful detainer action filed against her. PLAINTIFF advised ENCANTO and GREYSTAR that she had no intention of leaving before the trial and intended to see its outcome.  Yet, ENCANTO and GREYSTAR intentionally entered the property with the knowledge that PLAINTIFF intended to stay. Furthermore, ENCANTO AND GREYSTAR refused to allow PLAINTIFF to regain possession of the property after they were informed by PLAINTIFF and her counsel that she had not abandoned the property and had no intent to surrender possession.

81.     As a direct and proximate result of ENCANTO and GREYSTAR conduct, PLAINTIFF was harmed.

82.     As a direct and proximate result of ENCANTO and GREYSTAR unlawful conduct, PLAINTIFF has suffered physical injury, severe emotional distress, humiliation, embarrassment, mental and emotional distress and anxiety, economic harm and other consequential damages, all in an amount according to proof at trial.

83.     ENCANTO and GREYSTAR conduct was willful, wanton, and malicious. At all relevant times, ENCANTO and GREYSTAR acted with conscious disregard of PLAINTIFF's rights and

12

1  feelings. ENCANTO and GREYSTAR also acted with the knowledge of or with reckless

2  disregard for the fact that their conduct was certain to cause injury and/or humiliation to

3  PLAINTIFF. PLAINTIFF is further informed and believes that ENCANTO and GREYSTAR

4  intended to cause annoyance, discomfort, fear, physical injury, and / or pain and suffering to

5  PLAINTIFF. By virtue of the foregoing, PLAINTIFF is entitled to recover punitive and

6  exemplary damages from ENCANTO AND GREYSTAR according to proof at trial.

7                              **SEVENTH CAUSE OF ACTION**
                                **PRIVATE NUISANCE**
8  **(BY PLAINTIFF AGAINST DEFENDANT ENCANTO APARTMENT HOMES, LLC,**
                **GREYSTAR REAL ESTATE PARTNERS, LLC, AND DOES 1-10)**
9

10  84.     PLAINTIFF repeats, re-alleges, and incorporates by reference all of the allegations in the

11  paragraphs above as if fully set forth herein.

12  85.     At all relevant times herein, PLAINTIFF rented the residential unit located at 4645

13  Temescal Canyon Rd. Apartment #304; Corona, CA 92883 under a lease agreement with

14  ENCANTO and GREYSTAR and was the exclusive possessor of such property as a tenant.

15  86.     By changing the locks and denying PLAINTIFF access to her home, ENCANTO and

16  GREYSTAR created a condition or permitted a condition to exist that interfered with the

17  comfortable and quiet enjoyment of the property, was harmful to PLAINTIFF'S health, and was

18  indecent and offensive to her senses.

19  87.     ENCANTO's and GREYSTAR's conduct in acting and failing to act was unreasonable,

20  negligent, reckless, and/or intentional.

21  88.     The condition created by ENCANTO's and GREYSTAR's conduct substantially

22  interfered with PLAINTIFF'S use and enjoyment of her rental unit.

23  89.     PLAINTIFF did not consent to ENCANTO's and GREYSTAR's conduct.

24  90.     An ordinary person would reasonably be disturbed and annoyed by DEFEN ENCANTO's

25  and GREYSTAR's conduct.

26  91.     The seriousness of ENCANTO's and GREYSTAR's conduct outweighs the public benefit

27  of ENCANTO's and GREYSTAR's conduct.

28

                                          13

COMPLAINT

92.     As a direct and proximate result of ENCANTO's and GREYSTAR's wrongful and illegal acts and omissions, PLAINTIFF was injured by deprivations of a safe, secure, healthy, and comfortable dwelling.  As a direct and proximate result ENCANTO's and GREYSTAR's unlawful conduct, and the reasonably foreseeable consequences of the harm that PLAINTIFF has suffered, and will continue to suffer, as a result of ENCANTO's and GREYSTAR's wrongful and illegal acts and omissions, PLAINTIFF has incurred special damages in an amount according to proof at trial.

93.     As a direct and proximate cause of ENCANTO's and GREYSTAR's acts and omissions referred to herein, PLAINTIFF is entitled to attorney's fees and costs.

94.     As a direct and proximate cause of ENCANTO's and GREYSTAR's wrongful, intentional, malicious, and illegal acts, PLAINTIFF was injured in her emotional health and suffered fear, discomfort, and mental distress in an amount to be proven at trial.

95.     ENCANTO's and GREYSTAR's acts and omissions were knowing, intentional, willful, and malicious, done with full knowledge of the discomfort, fear, distress, and annoyance such retaliatory acts would cause PLAINTIFF.  ENCANTO's and GREYSTAR's retaliatory acts were conducted in conscious disregard of PLAINTIFF's rights.  PLAINTIFF is thus entitled to punitive and / or exemplary damages in a sum which will be adequate to punish and make an example of ENCANTO and GREYSTAR.

## EIGHTH CAUSE OF ACTION
### CONVERSION
#### (BY PLAINTIFF AGAINST DEFENDANT ENCANTO APARTMENT HOMES, LLC, GREYSTAR REAL ESTATE PARTNERS, LLC, AND DOES 1-10)

96.     PLAINTIFF repeats, re-alleges, and incorporates by reference all of the allegations in the paragraphs above as if fully set forth herein.

97.     On February 15, 2023, and prior thereto, PLAINTIFF owned, possessed, and had a right to possess a large sectional couch, numerous articles of clothing for both PLAINTIFF and her young child, various toiletries, various workout equipment, vacuum and other various cleaning supplies, various kitchen equipment, utensils, food, and patio furniture, rugs, and plants.

14

COMPLAINT

98.     ENCANTO, GREYSTAR, and DOES 1-10 interfered with PLAINTIFF's ownership and possession of a large sectional couch, numerous articles of clothing for both PLAINTIFF and her young child, various toiletries, various workout equipment, vacuum and other various cleaning supplies, various kitchen equipment, utensils, and foods, and patio furniture, rugs, and plants, when ENCANTO and GREYSTAR intentionally entered PLAINTIFF's residential unit and took, removed, sold or destroyed her property without PLAINTIFF's consent or any valid privilege.

99.     As a result of ENCANTO's and GREYSTAR's conduct, ENCANTO and GREYSTAR substantially and intentionally interfered with PLAINTIFF'S property by illegally removing it from PLAINTIFF's residential unit and taking possession, destroying, and/or selling it.

100.    PLAINTIFF has never recovered her property from ENCANTO and GREYSTAR.

101.    At no time did PLAINTIFF consent to the taking of her property by ENCANTO and GREYSTAR.

102.    As a direct and proximate result of ENCANTO's and GREYSTAR's unlawful conduct, and the reasonably foreseeable consequences of the harm that PLAINTIFF has suffered, and will continue to suffer, as a result of the conversion, PLAINTIFF has incurred special damages in an amount according to proof at trial.

103.    As a direct and proximate result of ENCANTO's and GREYSTAR's unlawful, willful, wanton, and malicious conduct, PLAINTIFF has suffered severe emotional distress, humiliation, embarrassment, mental and emotional distress and anxiety, economic harm and other consequential damages, all in an amount according to proof at trial.

104.    PLAINTIFF was diligently searching for employment when she learned of the lockout. Because of lockout PLAINTIFF Had to put all job searches on hold for approximately one year while she focused on finding stable housing and maintaining stability for her young child.

105.    PLAINTIFF lost a large sectional couch, numerous articles of clothing for both PLAINTIFF and her young child, various toiletries, various workout equipment, vacuum and other various cleaning supplies, various kitchen equipment, utensils, and patio furniture, rugs, and plants.

15

COMPLAINT

106.    PLAINTIFF lost all the food that was in the home and lost access to easily prepare foods for her and her child.

107.    PLAINTIFF's sudden loss of home forced her to bounce around between relatives and family, or sleep in her car until she could finally find new accommodations almost a year later.

108.    PLAINTIFF was displaced from her daughter, during this time.

109.    PLAINTIFF was forced to travel to and from the residence her daughter was staying numerous times a day to feed, bath, and cloth her daughter, causing a further increase in travel expenses and wear and tear on her only vehicle.

110.    During this time, PLAINTIFF suffered extreme stress and depression.

111.    As a direct and proximate result of ENCANTO's and GREYSTAR's conduct, PLAINTIFF was forced to retain an attorney in order to protect her rights. Accordingly, PLAINTIFF seeks the reasonable attorney's fees and costs incurred in this litigation in an amount according to be proven at trial.

112.    ENCANTO's and GREYSTAR's acts and omissions were knowing, intentional, willful, and malicious, done with full knowledge of the discomfort, fear, distress, and annoyance such retaliatory acts would cause PLAINTIFF. ENCANTO's and GREYSTAR's retaliatory acts were conducted in conscious disregard of PLAINTIFF's rights. PLAINTIFF is thus entitled to punitive and/or exemplary damages in a sum which will be adequate to punish and make an example of ENCANTO and GREYSTAR.

**NINTH CAUSE OF ACTION**
**TRESPASS TO CHATTELS**
**(BY PLAINTIFF AGAINST DEFENDANT ENCANTO APARTMENT HOMES, LLC,**
**GREYSTAR REAL ESTATE PARTNERS, LLC, AND DOES 1-10)**

113.    PLAINTIFF repeats, re-alleges, and incorporates by reference all of the allegations in the paragraphs above as if fully set forth herein.

114.    PLAINTIFF owned, possessed, and had a right to possess a large sectional couch, numerous articles of clothing for both PLAINTIFF and her young child, various toiletries, various workout equipment, vacuum and other various cleaning supplies, various kitchen equipment, utensils, and foods, and patio furniture, rugs, and plants.

16

115.    ENCANTO and GREYSTAR intentionally interfered with PLAINTIFF's use and possession of a large sectional couch, numerous articles of clothing for both PLAINTIFF and her young child, various toiletries, various workout equipment, vacuum and other various cleaning supplies, various kitchen equipment, utensils, and foods, and patio furniture, rugs, and plants.

116.    PLAINTIFF did not consent to ENCANTO's and GREYSTAR's interference with the use and possession of her property.

117.    ENCANTO's and GREYSTAR's conduct was a substantial factor in causing PLAINTIFF'S harm.

118.    As a direct and proximate result ENCANTO's and GREYSTAR's unlawful conduct, and the reasonably foreseeable consequences of the harm that PLAINTIFF has suffered, and will continue to suffer, as a result of the conversion, PLAINTIFF has incurred special damages in an amount according to proof at trial.

119.    As a direct and proximate result of ENCANTO's and GREYSTAR's unlawful, willful, wanton, and malicious conduct, PLAINTIFF has suffered severe emotional distress, humiliation, embarrassment, mental and emotional distress and anxiety, economic harm and other consequential damages, all in an amount according to proof at trial.

120.    As a direct and proximate result of ENCANTO's and GREYSTAR's conduct, PLAINTIFF was forced to retain an attorney in order to protect her rights. Accordingly, PLAINTIFF seeks the reasonable attorney's fees and costs incurred in this litigation in an amount according to proof at trial.

**TENTH CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(BY PLAINTIFF DEFENDANT ENCANTO ENCANTO APARTMENT HOMES, LLC,**
**GREYSTAR REAL ESTATE PARTNERS, LLC, AND DOES 1-10)**

121.    Plaintiff repeats and incorporates by reference each allegation in the preceding paragraphs as if set forth herein.

122.    On or about April 20, 2020, PLAINTIFF and ENCANTO entered into a Lease Agreement for PLAINTIFF's tenancy located at 4645 Temescal Canyon Rd. Apartment #304; Corona, CA

17

COMPLAINT

1    92883.   This lease granted PLAINTIFF full undisturbed possession, use, and enjoyment of

2    PREMISES, obligated ENCANTO's and GREYSTAR's to follow proper eviction procedure as

3    required under California law, and obligated ENCANTO's and GREYSTAR's to properly store

4    any property left behind should PLAINTIFF vacate the property.

5    123.   By ENCANTO and GREYSTAR locking PLAINTIFF out of the property without

6    properly completed eviction procedure or court order ENCANTO and GREYSTAR failed to

7    perform the conditions, covenants, and promises as required by the terms and conditions of the

8    agreement.

9    124.   By ENCANTO's and GREYSTAR's failure to properly store PLAINTIFF's personal

10    property after they blocked PLAINTIFF's access and possession to the property ENCANTO

11    and GREYSTAR failed to perform the conditions, covenants, and promises as required by the

12    terms and conditions of the agreement.

13    125.   Due to ENCANTO's and GREYSTAR's failure to perform the conditions, covenants,

14    and promises as required by the terms and conditions of the Lease Agreement, PLAINTIFF

15    was harmed.

16    126.   As a direct and proximate cause of ENCANTO's and GREYSTAR's wrongful and

17    illegal conduct, PLAINTIFF has and will continue to suffer economic harm and other

18    consequential damages in an amount to be proven at trial.

19    127.   As a direct and proximate result of ENCANTO's and GREYSTAR's wrongful and

20    illegal conduct, PLAINTIFF was forced to retain an attorney in order to protect her rights.

21    Accordingly, Plaintiff seeks the reasonable attorneys' fees and costs incurred in this litigation

22    in an amount according to proof at trial and other relief as requested in Plaintiff's Prayer for

23    Relief below.

24    **ELEVENTH CAUSE OF ACTION UNFAIR BUSINESS PRACTICES
(CALIFORNIA BUSINESS & PROFESSIONS CODE §17200 *et seq.*)
(BY PLAINTIFF AGAINST DEFENDANTS ENCANTO APARTMENT HOMES, LLC,
GREYSTAR REAL ESTATE PARTNERS, LLC)**

25

26

27    128.   Plaintiff repeats and incorporates by reference each allegation in the preceding paragraphs

28    as if set forth here in full.

18

COMPLAINT

129.    California Business and Professions Code §17200 states, in pertinent part: "...unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice..."

130.    At all times mentioned herein, ENCANTO and GREYSTAR engaged in "unfair" business practices because their conduct was dishonest, immoral, unethical, oppressive, unscrupulous and substantially damaging to PLAINTIFF. Specifically, and without limitation, the particular offensive conduct includes:

    a.    by conducting business in an unlawful, unfair and fraudulent business manner by illegally locking out PLAINTIFF without proper court order and procedure;

    b.    overcharging PLAINTIFF for inflated past due rent amounts, keys that were returned, and other inflated charges; and

    c.    continually harassing PLAINTIFF in an attempt to collect on these inflated past due rents and other overcharges.

131.    ENCANTO and GREYSTAR acted dishonestly, immorally, unethically, oppressively, and unscrupulously by intentionally, maliciously, purposefully, and knowingly engaging in the acts and omissions above.

132.    At all times mentioned herein, ENCANTO and GREYSTAR engaged in "fraudulent" business practices because members of the public are likely to be deceived as a result of the conduct alleged herein, particularly low-socioeconomic, young, single parents and other vulnerable populations. If ENCANTO and GREYSTAR are not properly penalized, they will continue to prey upon vulnerable populations in this manner.

133.    As a legal, direct and proximate consequence of ENCANTO's and GREYSTAR's conduct, jointly and severally, PLAINTIFF has and will continue to suffer economic damages in an amount to be proven at trial.

134.    As a legal, direct, and proximate consequence of ENCANTO's and GREYSTAR's negligent conduct, PLAINTIFF was forced to incur legal fees and costs in order to protect her rights. Accordingly, PLAINTIFF seek reasonable fees and costs incurred in this litigation in an amount according to proof at trial and other relief as requested in PLAINTIFF's prayer for relief below.

19

COMPLAINT

135.    In doing the acts herein alleged, ENCANTO and GREYSTAR acted with oppression, fraud, and malice, and PLAINTIFF is entitled to punitive and exemplary damages against ENCANTO and GREYSTAR jointly and severally in a sum to be determined at trial to make an example of ENCANTO and GREYSTAR and to ensure that they do not engage in fraudulent business practices with regards to individuals and families who do not the means to ensure that their rights are respected and protected.

### TWELFTH CAUSE OF ACTION
### BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALINGS
### (BY PLAINTIFF AGAINST DEFENDANTS ENCANTO APARTMENT HOMES, LLC, GREYSTAR REAL ESTATE PARTNERS, LLC, AND DOES 1-10)

136.    PLAINTIFF repeats, re-alleges, and incorporates by reference each allegation in the preceding paragraphs as if set forth here in full.

137.    Implied in every contract is a covenant of good faith and fair dealing.

138.    PLAINTIFF and ENCANTO entered into a Lease Agreement April 20, 2020, whereby ENCANTO and GREYSTAR warranted:

> PLAINTIFF would have full undisturbed possession, use, and enjoyment of said property, and obligated ENCANTO AND GREYSTAR to follow proper eviction procedure as required under California law, and to properly store any property left behind should PLAINTIFF vacate the property.

139.    As a legal, direct and proximate consequence of ENCANTO's malicious, illegal, wrongful, and intentional conduct, PLAINTIFF has and will continue to suffer economic damages in an amount to be proven at trial.

140.    As a legal, direct, and proximate consequence of ENCANTO's and GREYSTAR's malicious, illegal, wrongful, and intentional conduct, PLAINTIFF was forced to incur legal fees and costs in order to protect her rights. Accordingly, PLAINTIFF seeks reasonable fees and costs incurred in this litigation, against ENCANTO's and GREYSTAR's malicious, illegal, wrongful, and intentional conduct in an amount according to proof at trial and other relief as requested in PLAINTIFF's prayer for relief below.

20

COMPLAINT

141.    In doing the acts herein alleged, ENCANTO's and GREYSTAR's malicious, illegal, wrongful, and intentional conduct acted with oppression, fraud, and malice and PLAINTIFF is entitled to punitive and exemplary damages in a sum to be determined at trial.  Particularly low-socioeconomic, young, single parents and other vulnerable populations, such as seniors, may be preyed upon by the wrongful business practices of ENCANTO and GREYSTAR. Therefore, punitive damages against ENCANTO's and GREYSTAR's malicious, illegal, wrongful, and intentional conduct are appropriate to make an example of ENCANTO's and GREYSTAR's malicious, illegal, wrongful, and intentional conduct and to ensure that they do not engage in fraudulent business practices.

## THIRTEENTH CAUSE OF ACTION
### INJUNCTIVE RELIEF
**(BY PLAINTIFF AGAINST DEFENDANTS ENCANTO APARTMENT HOMES, LLC, GREYSTAR REAL ESTATE PARTNERS, LLC)**

142.    PLAINTIFF repeats, re-alleges, and incorporates by reference each allegation in the preceding paragraphs as if set forth here in full.

143.    ENCANTO and GREYSTAR continued to harass PLAINTIFF in order to seek inflated rental charges and fraudulent charges

144.    PLAINTIFF has a reasonable expectation of privacy in her back patio, her home, and its curtilage.

145.    PLAINTIFF never gave consent to ENCANTO and GREYSTAR to violate her privacy or home by entering her home without her consent or knowledge, going through and disposing of all of her belongings including her and her daughter underwear and other clothing.

146.    PLAINTIFF requests injunctive relief to require ENCANTO and GREYSTAR to cease and desist from publicizing her pool and backyard on their promotional websites and social media.

147.    The public interest favors injunctive relief in the form of a permanent injunction eliminating ENCANTO's and GREYSTAR's flagrant breach of their clients' privacy without their consent, particularly since PLAINTIFF is a single mother caring for her young daughter. homes, where clients have a reasonable expectation of privacy. Therefore, absent an injunction,

21

1     ENCANTO and GREYSTAR will continue to engage in a pattern and practice of violating their

2     clients' privacy in the sanctity of their homes.

3     **FOURTEENTH CAUSE OF ACTION**

**VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

4     **("RFDCPA"), CIV. CODE § 1788 ET SEQ.,**

**(BY PLAINTIFF AGAINST COLUMBIA DEBT RECOVERY LLC DBA GENESIS)**

5

6 148.     PLAINTIFF repeats, re-alleges, and incorporates by reference each allegation in the

7     preceding paragraphs as if set forth here in full.

8 149.     Defendant Columbia Debt Recovery LLC DBA Genesis is in the business of loan

9     servicing and debt collection. GENESIS is a "debt collector" as defined in Civil Code section

10     1788.2, subd. (c) of the RFDCPA.

11 150.     Plaintiff Danielle Bright is a debtor as defined in Civil Code section 1788.2(h) of the

12     RFDCPA.

13 151.     GENESIS has engaged in unfair or unconscionable practices in violation of California

14     Civil Code section 1788.17 by trying to collect from PLAINTIFF an amount which has not

15     been expressly authorized by a valid agreement creating the debt.

16 152.     GENESIS violated and continues to violate the RFDCPA by attempting to collect a debt

17     that PLAINTIFF does not owe.

18 153.     PLAINTIFF does not owe the amount of debt that Defendants seek to collect.

19     **FIFTEENTH CAUSE OF ACTION**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA"),**

20     **15 U.S.C. § 1692 ET SEQ.**

**(BY PLAINTIFF AGAINST DEFENDANT COLUMBIA DEBT RECOVERY LLC DBA**

21     **GENESIS)**

22 154.     PLAINTIFF repeats, re-alleges, and incorporates by reference each allegation in the

23     preceding paragraphs as if set forth here in full.

24 155.     GENESIS is in the business of debt collection and is a debt collector under Title 15 the

25     United States Code, section 1692a(6) of the FDCPA.

26 156.     PLAINTIFF is a consumer as defined by the FDCPA.

27 157.     GENESIS violated and continues to violate the FDCPA by attempting to collect a debt

28     that PLAINTIFF does not owe.

22

COMPLAINT

1   158.    GENESIS has engaged in unfair or unconscionable practices in violation of Title 15 of

2   the United States Code, section 1692f, subd. (1) by trying to collect from PLAINTIFF an

3   amount which has not been expressly authorized by a valid agreement creating the debt.

4                              **PRAYER FOR RELIEF**

5   WHEREFORE, Plaintiff prays judgment as follows:

6   1.    For special and general damages, according to proof, with interest thereon at the

7   maximum legal rate;

8   2.    For reasonable attorney's fees and costs, including expert witness fees, pursuant to Cal.

9   Govt. Code §12965(b), Cal. Civ Code §1788.30, and 15 U.S.C. §1692k;

10  3.    For statutory costs, including expert witness fees;

11  4.    For interest accrued to date;

12  5.    For Plaintiff's costs of suit;

13  6.    For Punitive and/or exemplary damages;

14  7.    For statutory damages, including treble damages

15  8.    For injunctive and/or declaratory relief; and

16  9.    For all other and further relief that the Court may deem just and proper.

17

18

19

20  Dated: JANUARY 9, 2025         By_*Barak Berlin*_____

21                                      BARAK J. BERLIN, Attorney for Defendant,
                                        DANIELLE BRIGHT

22

23

24

25

26

27

28
                                      23
    COMPLAINT